I agree with the majority opinion that this matter should be returned to the trial court for a much needed delineation between the adjudicatory and dispositional hearings. However, I am troubled that the majority opinion declined to address the neglect issue raised artfully in the appellant's first assigned error. The query being whether the State may rest on the charge of neglect while acknowledging that the mother did find suitable relatives for the children. In re Reese (1982),4 Ohio App.3d 59, 446 N.E.2d 482, recognizes that if proper parental care is being provided by the relative pursuant to an agreement initiated by the children's parent, then the children are not neglected. This is a reasonable standard when dealing with cases of this nature.
I appreciate the fact that the mother's behavior is antithetical to parenting. One could conclude or infer that the mother recognized this in herself when she sought her relatives intervention. In fact, all of these cases have this common thread in them, i.e., antithetical behavior. The issue is what is the primary objective of the state: to pick sides among the now feuding parties or to determine if the children have and are receiving proper parental care. If the latter is the case, then certainly the state has failed to meet its burden of clear and convincing evidence of non-parental care.
I would reverse on both assignments of error one and two and moot the third assigned error.